[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-10770
Non-Argument Calendar
_____

D.C. Docket No. 1:10-cr-00519-AT-AJB-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MOSES A. DAMIANI,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(January 7, 2015)

Before HULL, ROSENBAUM, and ANDERSON, Circuit Judges.

PER CURIAM:

Moses Damiani appeals his convictions for conspiracy to commit bank fraud

and bank fraud, in violation of 18 U.S.C. §§ 1349, 1344, respectively.  On appeal, Damiani argues that the district court abused its discretion by admitting extrinsic evidence under Federal Rule of Evidence 404(b) regarding a New York real estate transaction in which he participated.  Damiani contends that, although not entirely lacking in probative value, the evidence was highly prejudicial because he could have explained the differences between the New York transaction and the instant transaction only by waiving his right not to testify.

We review a district court's admission of other bad acts under Rule 404(b) for an abuse of discretion.  *United States v. Ellisor*, 522 F.3d 1255, 1267 (11th Cir. 2008).  Federal Rule of Evidence 404(b) prohibits the admission of evidence of other bad acts to prove a defendant's character, but permits the admission of such evidence for other purposes such as showing intent.  Fed.R.Evid. 404(b).  We apply a three-part test to determine the admissibility of 404(b) evidence: (1) the evidence must be relevant to an issue other than the defendant's character; (2) sufficient evidence must be presented for a jury to find that the defendant committed the extrinsic act; and (3) the probative value of the evidence must not be substantially outweighed by its undue prejudice, and the evidence must satisfy Federal Rule of Evidence 403.  *United States v. Edouard*, 485 F.3d 1324, 1344 (11th Cir. 2007).  In reviewing issues under Rule 403, we view the evidence in the light most favorable to its admission, maximizing its probative value and

2

minimizing its prejudicial impact.  *United States v. Jernigan*, 341 F.3d 1273, 1284 (11th Cir. 2003).  Additionally, any unfair prejudice caused by the admission of 404(b) evidence can be diminished by appropriate limiting instructions.  *United States v. Brown*, 665 F.3d 1239, 1247-48 (11th Cir. 2011).

Upon review of the record and consideration of the parties' briefs, we affirm.  The district court did not abuse its discretion in admitting the 404(b) evidence regarding the New York transaction.  The New York transaction evidence was highly probative of Damiani's intent, which was a contested issue at trial.  Furthermore, the district court diminished the potential prejudicial impact of the New York transaction evidence by providing multiple limiting instructions to the jury.  Accordingly, we affirm.

**AFFIRMED.**